# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**DERRICK LARMOUNT FLETCHER**                                              **PLAINTIFF**

v.                                                              **CIVIL CASE NO. 4:18-CV-196-RP**

**NANCY A. BERRYHILL,**
**ACTING COMMISSIONER OF SOCIAL SECURITY**                  **DEFENDANT**

## JUDGMENT

This cause is before the court on the Plaintiff's complaint pursuant to 42 U.S.C. § 405(g) for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding an application for disability insurance benefits and a period of disability. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law; and having heard oral argument; and for the reasons announced on the record at the conclusion of the parties' oral argument in this matter and for the additional reasons stated below, the court finds the Commissioner's decision is not supported by substantial evidence.

In his decision the ALJ assigned the plaintiff a medium-duty RFC with certain additional exertional and non-exertional limitations. The plaintiff subsequently presented new evidence to the Appeals Council that related to the time period before the ALJ's decision, including medical records from the plaintiff's treating physician Dr. Vohra regarding a functional capacity evaluation ordered and relied upon by Dr. Vohra in assigning an impairment rating for workmen's compensation purposes. The FCE, which was performed over the course of two days and which tends to support the plaintiff's administrative hearing testimony regarding the

extent of his impairments, reflects functional limitations that are considerably more significant than those assigned by the ALJ, particularly with respect to the plaintiff's lifting/carrying abilities and his manipulative limitations. Nonetheless, in its decision denying review the Appeals Council stated only, "We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence."

The Commissioner's final decision denying benefits includes the AC's denial of review, and this court must examine all the evidence, including the new evidence submitted to the AC, in determining whether the Commissioner's final decision is supported by substantial evidence. *Sun v. Colvin,* 793 F.3d 502, 510 (5th Cir. 2015). Although the regulations do not require the AC to provide a discussion of the newly submitted evidence or give reasons for denying review, "judicial review of the Commissioner's decision is difficult, if not impossible, when the AC provides no discussion of relevant, new evidence." *Sun,* 793 F.3d at 511. Where, as here, "the newly submitted evidence is significant, and casts doubt on the soundness of the ALJ's findings," but "no fact finder has made findings regarding the [new evidence] or attempted to reconcile these reports with other conflicting and supporting evidence in the record," the court is "unable to determine, considering the record as a whole, whether substantial evidence supports the ALJ's denial of benefits." *Id.* at 512-13. *See also Johnson v. U.S. Commissioner,* No. 6:17-1371, 2019 WL 1142708, at *11 (W.D. La. Feb. 11, 2019) (slip copy) (unable to find substantial evidence supporting ALJ's findings where, as to significant newly submitted evidence, AC stated only that evidence "does not show a reasonable probability that it would change the outcome of the decision," and "we did not consider or exhibit this evidence.")

Therefore, this case is remanded to the Social Security Administration for evaluation and findings regarding the newly submitted evidence, for a reevaluation of the plaintiff's RFC, and

for step four and step five determinations accordingly.

SO ORDERED, this, the 12th day of June, 2019.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE